ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2017 MAY 23   AM 9: 45

CLERK OF COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

In Re:
EMMANUEL O. MAINOO,
Debtor

---

EMMANUEL O. MAINOO,                    District Court No. 17-cv-232-A

             Appellant,        Bankruptcy Court Number 13-41095
   v.                                  Chapter 13

COMERICA BANK

            Appellee.


## APPELLANT'S OPENING BRIEF ON APPEAL
## FROM AN ORDER OF THE
## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## THE HONORABLE MARK X. MULLIN


M. Tayari Garrett (SBN 24073090)
3131 McKinney Ave, Ste. 600
Dallas, Texas 75204
Tel/Fax: 877/829-2740
m.tayari@tayarilaw.com
Attorney for Appellant/Debtor

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT AND STATEMENT OF JURISDICTION . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A. The Bankruptcy Filing and Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    B. The December 22, 2016 Hearing on the Motion . . . . . . . . . . . . . . . . . 5
    C. The Court's Decision. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    D. Motion for a New Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        THE FINDING THAT THE DEBTOR SIGNED THE DEED OF
            TRUST IS CLEARLY ERRONEOUS . . . . . . . . . . . . . . . . . . 8
    POINT II. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        COMERICA WAS REQUIRED TO OBJECT TO ITS TREATMENT
            AS AN UNSECURED CREDITOR UNDER THE DEBTOR'S
            CHAPTER 13 PLAN AND ITS FAILURE TO DO SO
            PRECLUDES IT FROM ATTAINING SECURED
            CREDITOR STATUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    POINT III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
        COMERICA'S LIEN IS VOID PURSUANT TO TEXAS LAW
            PROVIDING A FOUR-YEAR STATUTE OF LIMITATIONS
            FOR ENFORCING A LIEN
            ON REAL PROPERTY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

Amstar Corp. v. Domino's Pizza, Inc., 615 F.2d 252 (5th Cir. 1980).......... 9

Anderson v. City of Bessemer City, 470 U.S. 564 (1985)................... 8

Boren v. U.S. Nat'l Bank Ass'n, 807 F.3d 99 (5th Cir. 2015)............ 13, 14

CFB-5, Inc. v. Cunningham, 371 B.R. 175 (N.D. Tex. 2007)................ 7

Henderson v. Belknap, 18 F.3d 1305 (5th Cir. 1994), cert. denied, 513 U.S. 1014
   (1995) ....................................................... 7

In re Amco Ins., 444 F.3d 690 (5th Cir. 2006)............................ 7

In re Davis, 411 B.R. 225 (Bankr.D.Md.2008) ........................... 10

In re Dumain, 492 B.R. 140 (Bankr.S.D.N.Y.2013) ....................... 11

In re Flynn, 402 B.R. 437 (1st Cir. BAP 2009) .......................... 10

In re Hogan, 346 B.R. 715 (Bankr.N.D.Tex.2006) ..................... 6, 11

In re Jones, 530 F.3d 1284 (10th Cir.2008)............................. 10

In re Rosa, 495 B.R. 522 (Bankr.D.Haw.2013)........................... 10

In re Schultz, 363 B.R. 902 (Bankr.E.D.Wis.2007)...................... 10

In re Simmons, 765 F.2d 547 (5th Cir.1985).......................... 10

In re Szostek, 886 F.2d 1405 (3rd Cir.1989) .......................... 10

In re Tonioli, 359 B.R. 814 (Bankr.D.Utah.2007)....................... 10

ii

Justice v. Wells Fargo Bank Nat'l Ass'n., — F. App'x ----, No. 15-20615, 2016
WL 7240195 (5th Cir. Dec. 14, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Keystone Plastics, Inc. v. C & P Plastics, Inc., 506 F.2d 960 (5th Cir. 1975) . . . . 8

Martin v. Fed. Nat'l Mortg. Ass'n, 814 F.3d 315 (5th Cir. 2016) . . . . . . . . . . . . . 14

Switzer v. Wal-Mart Stores, Inc., 52 F.3d 1294 (5th Cir.1995) . . . . . . . . . . . . . . 8

United States v. Castillo, 430 F.3d 230 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . 8

United States v. United States Gypsum Co., 333 U.S. 364 (1948) . . . . . . . . . . . . . 8

United States. v. Hamilton, 559 F.2d 1370 (5th Cir. 1977) . . . . . . . . . . . . . . . . . . 9

## STATE CASES

Birchfield v. Texarkana Mem. Hosp., 747 S.W.2d 361 (Tex. 1987) . . . . . . . . . . . 11

Foley v. Parlier, 68 S.W.3d 870 (Tex. App. — Ft. Worth 2002, no pet) . . . . . . . . 11

Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562 (Tex. 2001) . . . . . 13

Stephens v. LPP Mortg. Ltd., 316 S.W.3d 742 (Tex. App.-Austin 2010, pet.
denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Waite Hill Servs., Inc. v. World Class Metal Works, Inc., 959 S.W.2d 182 (Tex.
1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## FEDERAL STATUTES

11 U.S.C. § 362(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

28 U.S.C. §§ 1334(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. App. P. 32(a)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. App. P. 32(a)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. App. P. 32(a)(7)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Fed. R. App. P. 32(a)(7)(B)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## STATE STATUTES

Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b) . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d) . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Civ. Prac. & Rem. Code Ann. §16.035(e) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## PRELIMINARY STATEMENT AND STATEMENT OF JURISDICTION

By notice of appeal filed March 15, 2017 (amended on March 16, 2017, as requested by the Clerk), EMMANUEL O. MAINOO appeals from an order of the United States Bankruptcy Court for the Northern District of Texas (Mark X. Mullin, B.J.), entered on February 2, 2017, which granted relief from stay, and denied a motion, entered on March 1, 2017, for reconsideration. ECF Nos. 72, 70, 67, 65.

The notice of appeal is timely because the notice of appeal filed on March 15, 2017, within 14 days of the issuance of the order on reconsideration, was taken from both orders.

The bankruptcy court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and the standing order of reference of August 3, 1984. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

1

## STATEMENT OF THE ISSUES

1. Whether the bankruptcy court's determination that the Debtor signed a deed of trust is clearly erroneous as Comerica Bank ("Comerica") presented no testimony or other evidence contradicting the Debtor's claim of forgery, and the Debtor submitted expert testimony in support.

2. Whether the bankruptcy court correctly determined that Comerica is a secured creditor notwithstanding its failure to object to chapter 13 plain.

3. Whether Comerica was required to object to its treatment as an unsecured creditor under the Debtor's Chapter 13 Plan.

4. Whether the bankruptcy court improperly allowed Comerica double recovery on its loan by allowing it to receive both a money judgment and enforce a lien.

5. Whether the bankruptcy court failed to correctly apply Texas' four-year statute of limitations for enforcing a lien on real property.

6. Whether it was proper to deny the Debtor's motion for a new trial without a hearing.

## STATEMENT OF THE CASE

### A. The Bankruptcy Filing and Motion

Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code along with Official Form 6 (Schedules) and Official Form 7 (Statement of Financial Affairs) on March 5, 2013. ECF No. 1. On Schedule A, the Debtor asserts that he holds an interest in real property identified as 2546 N. Beltline Road, Arlington, TX 76011 and that such property has an alleged value of $95,000 (the "Subject Property").

The schedules do not disclose or reflect that the Subject Property is subject to a lien. Rather, Schedule F asserts that Comerica is an unsecured creditor of Debtor with an unsecured claim in the amount of $267,387. In his chapter 13 plan, filed on March 13, 2013, the Debtor listed Comerica on Schedule J as an unsecured creditor in the same amount. ECF No. 8.

Comerica did not file a proof of claim and did not object to the plan. The plan was confirmed on October 13, 2013. ECF No. 39.

The Chapter 13 Trustee ("Trustee"), filed her Trustee's Recommendation Concerning Claims, Objection to Claims and Plan Modification (if required) (the "TRCC") on October 18, 2013, objecting to Comerica's scheduled unsecured claim because Comerica did not file a proof of claim. ECF No. 41. Once again,

3

Comerica did not object to or otherwise respond to the TRCC so the TRCC was sustained. ECF No. 42.

Over three years after Debtor's Plan was confirmed, Comerica filed a motion alleging that it is a secured creditor of Debtor with a claim in the amount of at least $345,747.143 as of December 19, 2016, and that its claim is secured by a valid and perfected lien in the Subject Property. Comerica further asserts that cause exists pursuant to 11 U.S.C. § 362(d) to terminate the § 362 automatic stay to permit Comerica to proceed with its rights and remedies against the Subject Property. ECF No. 53.

In its motion, Comerica alleged that, on or about December 23, 2002, the Debtor executed and delivered to it, a U.S. Small Business Administration Note in the original principal amount of $279,800.00. Under the note, the Debtor was required to make monthly payments consisting of principal and interest. Doc. No. 53, p. 2.

At the same time, the Debtor allegedly the Debtor executed and delivered to Comerica a Deed of Trust, Security Agreement and Assignment of Rents, which granted a security interest in real property located at 2546 N. Beltline Road, Grand Prairie, Texas 76011, which the Debtor valued at $95,000.00 in his Schedules. Doc. No. 53, p. 2.

4

The Debtor defaulted under the note. Comerica brought suit against the Debtor in 2009 in State Court and an Order Granting Summary Judgment in the amount of $268,125.25 was entered on June 9, 2010. *Id.* The judgment has not been collected. *Id.* By the motion, Comerica sought to enforce its lien. *Id.* at 3.

B. The December 22, 2016 Hearing on the Motion

Comerica's Vice President, David Jones, testified in support of the motion. Tr. 4-5. He identified the note, the security agreement, and the payoff statement, which showed an amount due least $345,747.143 as of the date of the hearing. Tr. 6-7. Jones acknowledged that Comerica had accelerated the loan, but was unaware of the specific date that it had done so. Tr. 14-16. The last payment on the loan had been made on February 9, 2012. Tr. 7.

The Debtor testified to the events leading up to the loan, which closed at a title company, not the bank, on December 23, 2002. Tr. 35-36, 37, 38. The documents were not supplied prior to the closing and the Debtor had to review them at the closing itself. Tr. 38. With the exception of the Deed of Trust, he admitted signing the other documents. Tr. 39-40. He had not even seen the Deed of Trust until the Tuesday before he testified, much less signed it. Tr. 40, 61. He was certain that he had not signed it, because there was too much fine print, and had it been presented to him at the closing, he would have called his attorney to

5

review it. Tr. 41.

The title company gave the Debtor a package of all signed documents. Tr. 42-43. The Deed of Trust was not in that packet. Tr. 43. The Debtor fell behind in his payments and on May 2, 2006, the bank served him with a notice of acceleration. Tr. 44, 46; Debtor Exhibit "E."

At the close of the evidence, counsel for Comerica asked leave to call the notary as a witness in the event that there was any doubt concerning the Debtor's signature on the Deed of Trust. Tr. 82-83.

C. The Court's Decision

The court first rejected the defense of forgery, concluding that the Debtor's testimony on the point was not credible. Doc. No. 65, p. 7. Second, *citing In re Hogan*, 346 B.R. 715 (Bankr.N.D.Tex.2006), the bankruptcy court held that, as a secured creditor, Comerica was not required to object to its treatment under the Plan or to file a proof of claim to preserve its lien. *Id.*, pp. 7-8. Third, applying Texas law, the bankruptcy court held that receipt of a money judgment is not binding on a secured creditor as an election of remedies. *Id.*, p. 8. Finally, the court rejected the defense of the four year statute of limitations. *Id.*, pp. 9-10. It concluded that the acceptance of subsequent payments constituted an abandonment of the 2006 acceleration. *Id.*, p. 10.

6

D. <u>Motion for a New Trial</u>

The Debtor made a motion for a new trial, contending that he had testified that he did *not* sign the Deed of Trust and now corroborated that testimony with a report from a handwriting expert. ECF. No. 67. That motion was denied. ECF No. 68.

## STANDARD OF REVIEW

On appeal from a bankruptcy court determination, this Court applies a de novo standard of review to the Bankruptcy Court's conclusions of law and review a Bankruptcy Court's findings of fact under a clearly erroneous standard. See In re Amco Ins., 444 F.3d 690, 694 (5th Cir. 2006); *Henderson v. Belknap*, 18 F.3d 1305, 1307 (5th Cir. 1994), cert. denied, 513 U.S. 1014 (1995); *CFB-5, Inc. v. Cunningham*, 371 B.R. 175, 179 (N.D. Tex. 2007).

# ARGUMENT

## POINT I

### THE FINDING THAT THE DEBTOR SIGNED THE DEED OF TRUST IS CLEARLY ERRONEOUS

"[A] trial court's finding is 'clearly erroneous' when, although there is evidence to support the finding, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Switzer v. Wal-Mart Stores, Inc.*, 52 F.3d 1294, 1298 (5th Cir.1995) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985); *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

The standard is not toothless. As this Court has said, "It would be a mistake to suppose that the 'clearly erroneous' rule provides an escape value for the reviewing court, for the key to its application is not the findings made by the court but the substantiality of the record evidence to support such findings. The frequently onerous task of canvassing the whole record when it is contended that certain findings are clearly erroneous is inescapable." *Keystone Plastics, Inc. v. C & P Plastics, Inc.*, 506 F.2d 960, 963 (5th Cir. 1975).

And, the Fifth Circuit has not hesitated to reverse findings that are not supported by the evidence. See, e.g., *United States v. Castillo*, 430 F.3d 230, 243

8

(5th Cir. 2005); *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 258 (5th Cir. 1980) ("Having reviewed all the evidence in this case in light of established legal precedent, we are left with the definite and firm conviction that the district court was mistaken in concluding that defendants' use of the mark 'Domino's Pizza' is likely to cause confusion, mistake or deception.")

This is such a case. The only evidence on point is that given by the Debtor. The bank's attorney seems to have acknowledged as much as he wanted to call the notary in the event that the court were to deem it necessary. Moreover, although applications for new trials are "ordinarily be decided upon affidavits without an evidentiary hearing," a case such as this involves "unique" circumstances of forgery and fraud, where the notary has not testified, thus necessitating a hearing. *United States. v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977).

9

## POINT II

### COMERICA WAS REQUIRED TO OBJECT TO ITS TREATMENT AS AN UNSECURED CREDITOR UNDER THE DEBTOR'S CHAPTER 13 PLAN AND ITS FAILURE TO DO SO PRECLUDES IT FROM ATTAINING SECURED CREDITOR STATUS

Comerica had notice of its treatment under the plan and failed to object to confirmation or challenge the confirmed plan after confirmation. Most courts have held that a creditor's silence can be interpreted as acceptance of its treatment under the plan. See *In re Flynn*, 402 B.R. 437 (1st Cir. BAP 2009) ("The courts that have considered the question have overwhelmingly concluded that a secured creditor's lack of objection may constitute acceptance of the plan for purposes of § 1325(a)(5)(A)."); *In re Jones*, 530 F.3d 1284, 1291 (10th Cir.2008) ; *In re Szostek*, 886 F.2d 1405, 1413 (3rd Cir.1989) ; *In re Rosa*, 495 B.R. 522, 524 (Bankr.D.Haw.2013) ; *In re Tonioli*, 359 B.R. 814, 817–18 (Bankr.D.Utah.2007) ; *In re Davis*, 411 B.R. 225 (Bankr.D.Md.2008) (finding that the creditor's failure to object to the plan constitutes acceptance of its treatment under that plan); *In re Schultz*, 363 B.R. 902, 907 (Bankr.E.D.Wis.2007) (same); *Cf., In re Simmons*, 765 F.2d 547 (5th Cir.1985) (Although creditor did not object to plan, statutory lien survived in Chapter 13 where debtor did not object to creditor's proof of secured

10

claim).

It is true that a secured creditor who is not seeking a distribution "is not required to file a proof of claim and may choose to ignore the bankruptcy proceeding and look to its lien for satisfaction of the debt." *In re Dumain*, 492 B.R. 140, 143 (Bankr.S.D.N.Y.2013) (quoting *In re Hogan*, 346 B.R. 715, 719 n. 7 (Bankr.N.D.Tex.2006) ) (internal quotation marks and alteration omitted). Here, however, Comerica obtained a money judgment in state court.

There was no money judgment in *Hogan*, upon which the bankruptcy court relied. That is an important distinction. The Debtor listed Comerica's claim as unsecured in his schedule J of the plan, which was confirmed. There is no "lien" to "pass through" in this circumstance.

In essence, the bank has obtained a double recovery– a money judgment and permission to foreclose a lien. This is not permitted by Texas law, which would govern here. See *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998) ("A party is generally entitled to sue and to seek damages on alternative theories . . . . A party is not entitled to a double recovery . . ."); *Birchfield v. Texarkana Mem. Hosp.*, 747 S.W.2d 361, 367 (Tex. 1987); *Foley v. Parlier*, 68 S.W.3d 870, 882 (Tex. App. — Ft. Worth 2002, no pet).

The bankruptcy court relied upon *Stephens v. LPP Mortg. Ltd.*, 316 S.W.3d

11

742 (Tex. App.-Austin 2010, pet. denied), but it overstated the holding of the case. In *Stephens*, the Court merely reaffirmed the principle that a creditor can file suit to establish liability on a promissory note without waiving its right to foreclose later under the deed of trust. When a suit reduces a debt to a money judgment and it remains *unsatisfied*, "the lien-creditor may later bring suit for judicial foreclosure of the lien." *Id.* at 747-48.

Inasmuch as the money judgment is listed in the plan, it cannot be said to be "unsatisfied" and *Stephens* can have no application.

12

## POINT III

### COMERICA'S LIEN IS VOID PURSUANT TO TEXAS LAW PROVIDING A FOUR-YEAR STATUTE OF LIMITATIONS FOR ENFORCING A LIEN ON REAL PROPERTY

Suit for the recovery of real property under a real-property lien or the foreclosure of a real-property lien must be commenced not later than four years after the day the claim accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a) . A sale of real property under a power of sale in a mortgage or deed of trust that creates a real-property lien must be made not later than four years after the day the claim accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)*; Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015).

When the four-year limitations period expires, the real-property lien and the power of sale to enforce the lien become void. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d); *Holy Cross,* 44 S.W.3d at 567. When a note secured by a real-property lien is payable in installments, the statute of limitations does not begin to run, until the maturity date of the last installment, but if a note or deed of trust contains an optional acceleration clause, the claim accrues when the holder actually exercises its option to accelerate. Tex. Civ. Prac. & Rem. Code Ann. §16.035(e); *Holy Cross*, 44 S.W.3d at 566.

13

The first acceleration notice was issued by Comerica on May 2, 2006 and a second notice of acceleration was issued by Comerica on September 18, 2009. If the first acceleration notice was not rescinded, then there is no question that the power of sale became void on May 2, 2010.

The bankruptcy court found that Comerica had abandoned its 2006 notice of acceleration by receipt of payments, and that there was a bankruptcy toll with respect to the 2009 acceleration. The acceleration was not abandoned.

The bankruptcy court relied upon *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99 (5th Cir.2015), but in that case the Fifth Circuit found that the bank "waive[d] its earlier acceleration when it put[ ] the borrowers on notice of its abandonment ... by requesting payment on less than the full amount of the loan." *Id.* at 106 (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed.Appx. 677, 680 (5th Cir.2015) (per curiam)).

More to the point is *Martin v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016), where the Fifth Circuit explained, "Accepting a payment after acceleration *could* be intentional conduct inconsistent with the acceleration that—in some circumstances—amounts to an abandonment or waiver of the acceleration." (emphasis added). See also *Justice v. Wells Fargo Bank Nat'l Ass'n.*, --- F. App'x ----, No. 15-20615, 2016 WL 7240195 (5th Cir. Dec. 14,

14

2016).

Consequently, the acceptance of the payments alone does not establish an abandonment without more. There is no suggestion of a lesser payment. And, sending a new notice cannot be deemed to be an abandonment of the first. Indeed, here we have the commencement of an action to recover a money judgment. This is surely inconsistent with an abandonment of an acceleration.

## CONCLUSION

The order of the bankruptcy court should be reversed.

Dated: May 22, 2017

Respectfully submitted,

M. Tayari Garrett (SBN 24073090)

313 McKinney Ave, Ste. 600
Dallas, Texas 75204
Tel/Fax: 877/829-2740
m.tayari@tayarilaw.com
Attorney for Appellant/Debtor

16

## Certificate of Compliance

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

1. This brief contains 2,914 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or this brief uses a monospaced typeface and contains lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:
this brief has been prepared in a proportionally spaced typeface using Word Perfect XVII Times New Roman 14 point.

Dated: May 22, 2017

17

## CERTIFICATE OF SERVICE

On May 22, 2017, I caused a copy of the foregoing *Appellant's Opening Brief on Appeal from an Order of the United States Bankruptcy Court for the Northern District of Texas The Honorable Mark X. Mullin* to be delivered by facsimile to Counsel for Appellee Comerica Bank, Richard G. Dafoe, at 214/979-7402.

M. Tayari Garrett