U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 2 2 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

IN RE: §
EMMANUEL O. MAINOO, §
§
§ Case No. 13-41095-MXM13
Debtor, §
§
_____ §
§
EMMANUEL O. MAINOO, §
§
Appellant, §
§ District Court Case
VS. § No. 4:17-CV-232-A
§
COMERICA BANK, §
§
Appellee. §

MEMORANDUM OPINION
and
ORDER

This action is before the court as an appeal from an order

of the United States Bankruptcy Court for the Northern District

of Texas, Fort Worth Division, the Honorable Mark X. Mullin

presiding. Having considered the briefs of appellant, Emmanuel O.

Mainoo ("Debtor"), and appellee, Comerica Bank ("Comerica"), the

record on appeal, and applicable authorities, the court finds

that the bankruptcy court's order should be affirmed.

I.

Jurisdiction

The appeal is from a bankruptcy court order signed February

2, 2017, granting Comerica relief from stay. The bankruptcy court

denied Debtor's motion for reconsideration on March 1, 2017. This court's jurisdiction exists under 28 U.S.C. § 158(a).

II.

## Underlying Proceedings

Around December 2002, Debtor purchased real property located at 2546 N. Beltline Road, Arlington, Texas 76011 (the "Property"). To finance the purchase, Debtor executed a U.S. Small Business Administration Note (the "Note") made payable to Comerica in the original payable amount of $279,800.00. The Note was secured by a Deed of Trust that was filed in the deed records of Dallas County, Texas on December 30, 2002.

On March 5, 2013, Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code. Debtor disclosed that he held an interest in the Property but did not disclose that the Property was subject to a secured lien held by Comerica. Rather, Debtor listed Comerica as an unsecured creditor with a claim of $267,387.

Debtor filed a Chapter 13 Plan and Motion for Valuation (the "Plan") on March 13, 2013, again listing Comerica as an unsecured creditor and omitting the existence of the secured lien. Comerica did not file a Proof of Claim or object to Debtor's plan, and the plan was confirmed.

Over three years after the Plan was confirmed, Comerica filed a motion in the bankruptcy court to terminate the automatic stay pursuant to 11 U.S.C. § 362(d), asserting that it was a secured creditor with a claim of at least $345,747.14, which was secured by a valid and perfected lien in the Property. In response, Debtor argued that the stay should not be lifted because the lien was void and unenforceable. Debtor contended that his signature on the Deed of Trust was forged, Comerica waived its right to enforce the lien by failing to object to the Plan, and that the statute of limitations had expired, among other things. After full briefing and a hearing, the bankruptcy court granted Comerica's motion for relief from stay.

III.

Issues on Appeal

The six issues that Debtor presents on appeal are:

1.   Whether the bankruptcy court's determination
     that the Debtor signed a deed of trust is
     clearly erroneous as [Comerica] presented no
     testimony or other evidence contradicting the
     Debtor's claim of forgery, and the Debtor
     submitted expert testimony in support.

2.   Whether the bankruptcy court correctly
     determined that Comerica is a secured
     creditor notwithstanding its failure to
     object to chapter 13 plain [sic].

3.   Whether Comerica was required to object to
     its treatment as an unsecured creditor under
     the Debtor's Chapter 13 Plan.

4.   Whether the bankruptcy court improperly
     allowed Comerica double recovery on its loan
     by allowing it to receive both a money
     judgment and enforce a lien.

5.   Whether the bankruptcy court failed to
     correctly apply Texas' four-year statute of
     limitations for enforcing a lien on real
     property.

6.   Whether it was proper to deny the Debtor's
     motion for a new trial without a hearing.[1]

Appellant's Br. at 2.

## IV.

## Standard of Review

To the extent an appeal presents questions of law, the

bankruptcy court's judgment is subject to de novo review. In re

Renaissance Hosp. Grand Prairie Inc., 713 F.3d 285, 294 (5th Cir.

2013). Findings of fact are reviewed for clear error. Id. at 293-

94.

## V.

## Analysis

A.   The Bankruptcy Court's Determination that the Debtor Signed
     a Deed of Trust is not Clearly Erroneous

Debtor argues that the bankruptcy court's determination that

Debtor signed the Deed of Trust was clearly erroneous because

"[t]he only evidence on point is that given by the Debtor" and

---

[1]Debtor did not appeal the bankruptcy court's order denying Debtor's motion for new trial. To the extent, if any, that such order pertains to this appeal, the court is denying any relief sought by Debtor.

"[Comerica's] attorney seems to have acknowledged as much as he wanted to call the notary in the event that the court were to deem it necessary." Doc.[2] 4 at 9.

The record substantiates the bankruptcy court's findings. Debtor's testimony oscillated between denying that he signed the Deed of Trust and stating that he did not remember whether he signed the Deed of Trust. R.[3] at 294-96, 315, 328-29. The bankruptcy court found that Debtor's testimony was "inconsistent, not believable and lacked credibility." Id. at 11. The court accords "even greater deference" to the bankruptcy court for findings based on determinations regarding the credibility of witnesses. See In re Renaissance Hosp., 713 F.3d at 293 (quoting Anderson v. Bessemer City, N.C., 470 U.S. 564, 575 (1985). Further, the Deed of Trust was notarized, R. at 180, and Debtor demonstrated that he understood a lien would accompany the Note, id. at 325. Thus, the bankruptcy court's determination that the Debtor signed the Deed of Trust was not clearly erroneous.

B.    The Bankrupcy Court did not Award Comerica a Double Recovery

In his brief and reply, Debtor combines issues two, three, and four to argue, in essence, that the bankruptcy court

---

[2]The "Doc. _" references are to the number of the item on the docket in this Civil Action No. 4:17-CV-232-A.

[3]The "R. _" references are to the record on appeal, docketed in the above-captioned action at Doc. 3.

improperly awarded Comerica a double recovery by allowing

Comerica to receive both a money judgment and enforce a lien

after Comerica failed to object to its treatment under the Plan.

Debtor contends that Comerica's failure to object to its

treatment under the Plan constituted acceptance of the Plan that

precluded Comerica from enforcing the lien.

A secured creditor who is not seeking a distribution "is not

required to file a proof of claim but may choose to ignore the

bankruptcy proceeding and look to its lien for satisfaction of

the debt." In re Hogan, 346 B.R. 715, 719 n.7 (Bankr. N.D. Tex.

2006). It is well established that "[a] suit may be maintained on

a note secured by lien without enforcement of the lien, and after

judgment another suit can be brought to foreclose the lien at any

time before the debt is barred by limitation." Kempner v. Comer,

11 S.W. 196, 202 (Tex. 1889); see Martins v. BAC Home Loans

Servicing, L.P., 722 F.3d 249, 255 (5th Cir. 2013); Carter v.

Gray, 81 S.W.2d 647, 648 (Tex. 1935)[4]; Stephens v. LLP Mortgage,

Ltd., 316 S.W.3d 742, 746 (Tex. App.—Austin 2010, pet. denied).

The above-referenced cases directly refute Debtor's claim

that the bankruptcy court awarded Comerica a double recovery by

---

[4]Carter was decided by the Commission of Appeals of Texas, Section A on April 24, 1935. Every opinion of the Commission issued on or after March 21, 1934, was adopted by the Texas Supreme Court and has the full authority of a Texas Supreme Court decision. The Greenbook: Texas Rules of Form 5.2 & 5.2.2 (Texas Law Review Ass'n ed., 13th ed. 2014).

permitting it to seek enforcement of the lien. The bankruptcy

court did not err.

C.    The Bankruptcy Court Correctly Applied the Statute of
      Limitations

The court next turns to issue five presented by Debtor:

whether the bankruptcy court failed to correctly apply Texas'

four-year statute of limitations for enforcing a lien on real

property.

Debtor argues that the bankruptcy court erred in relying on

Boren v. U.S. Nat'l Bank Ass'n, 807 F.3d 99 (5th Cir. 2015) to

hold that the statute of limitations ceased to run after Comerica

unilaterally abandoned its May 2, 2006 acceleration of the Note.

To reach its holding, the bankruptcy court cited evidence that

Comerica accepted payments from Debtor after the May 2, 2006

acceleration and noted that Comerica issued a second notice of

acceleration on September 18, 2009. Debtor cites Martin v. Fed.

Nat'l Mortg. Ass'n, 814 F.3d 315 (5th Cir. 2016) to argue that

"the acceptance of the payments alone does not establish an

abandonment without more. . . . And, sending a new notice cannot

be deemed to be an abandonment of the first." Doc. 4 at 15.

Debtor misconstrues Martin. In Martin, the Fifth Circuit

stated that "[a]ccepting a payment after acceleration could be

intentional conduct inconsistent with the acceleration that—in

some circumstances—amounts to an abandonment or waiver of the

acceleration." Contrary to Debtor's assertion, <u>Martin</u> stands for the proposition that in some circumstances, accepting a payment after acceleration could, without more, amount to abandonment. See e.g., <u>Rivera v. Bank of Am., N.A.</u>, 607 F. App'x. 358, 361 (5th Cir. 2015) (per curiam); <u>Wheeler v. U.S. Bank Nat'l Ass'n</u>, No. H-14-0874, 2016 WL 554846, at *6 (S.D. Tex. Feb. 10, 2016). After finding that Comerica accepted payments after its May 2, 2006 notice of acceleration, the bankruptcy court could have found that Comerica abandoned the acceleration based on this evidence alone. However, the bankruptcy court went further by noting that Comerica's second notice of acceleration issued September 18, 2009 constituted additional evidence that Comerica unilaterally abandoned the acceleration of the Note. See <u>Wheeler</u>, 2016 WL 554846, at *6. Thus, the bankruptcy court did not err in applying the statute of limitations.

VI.

<u>Order</u>

Therefore,

The court ORDERS that the order from which the above-captioned appeal is taken be, and is hereby affirmed.

SIGNED June 22, 2017.

JOHN McBRYDE
United States District Judge

8